**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FRED HJELMESET,<br><br>    Plaintiff,<br><br>v.<br><br>CHENG HUNG, et al.,<br><br>    Defendants. | Case No. 17-cv-05697-BLF<br><br>**ORDER DENYING MOTION TO WITHDRAW THE REFERENCE** |

Before the Court is Defendant K. Bobby Chao's motion to withdraw the reference to the bankruptcy court for this adversary proceeding. *See* ECF 1 ("Mot."). Plaintiff Fred S. Hjelmeset, in his capacity as the Chapter 7 Trustee of Luxul Technology, Inc. (USA) ("Trustee") opposes the motion. *See* ECF 3. Defendants Jung-Kung a/k/a Jackie Yang and Cheng-Hung a/k/a James Pan filed joinders to Chao's motion. *See* ECF 4, 6. Having considered Chao's motion, the Trustee's opposition, the recommendation of the bankruptcy court and the record in the bankruptcy case, the Court DENIES the motion to withdraw the reference at this stage.

**I.    BACKGROUND**

    **A.    Factual Background**

On July 11, 2016, Debtor Luxul Technology, Inc. (USA) ("Luxul USA") filed a voluntary Chapter 7 liquidation case. This adversary proceeding arises out of that liquidation, which allegedly resulted from objectionable conduct by a number of individuals leading to the collapse of Luxul USA. Plaintiff Fred Hjelmeset was appointed as Chapter 7 Trustee, and obtained court permission to obtain counsel to prosecute an adversarial action to recover assets from individuals associated with Luxul USA. *See* Bankruptcy Court Recommendation, ECF 7 ("Rec."). Among other challenged conduct, the Trustee claims that the individual defendants transferred virtually all of Luxul USA's assets to third parties, including to Luxul USA's parent company Luxul Taiwan. *See* Trustee's Opposition to Chao's Mot. for Withdrawal of Reference ("Opp'n") at 2-3, ECF 3. The Trustee asserts that "Luxul Taiwan was merely a shell company and would not exist but for

the operations of Luxul USA" and "[f]or all practical and legal purposes, these two companies operated as a single entity." *Id*. at 2. Defendant Chao was on the board of directors of both Luxul USA and Luxul Taiwan. *Id*. The Trustee describes Chao's role in events as: "[i]n a word, Chao stood by as Luxul USA was ruined." *Id*. at 3.

The First Amended Complaint filed on March 1, 2017 is the operative complaint in the adversarial proceeding. *See* First Amended Complaint, filed in the Adversary ("FAC"), ECF 1-3. The Trustee alleges that prior to filing for bankruptcy, Luxul USA not only transferred its assets to Luxul Taiwan but also funneled millions of dollars in cash and cash equivalents to insiders and preferred creditors. *See* FAC ¶¶ 2-6, 51, 80, 105, 113, 116, 118, 152. In short, rather than file for honest bankruptcy protection, the individual defendants controlling Luxul USA allegedly transferred all of its assets in order to continue operating the business through Luxul Taiwan for their own benefit and to the detriment of Luxul USA. *See* Opp'n at 4.

The FAC contains fourteen (14) causes of action against the various individual defendants as well as Luxul Taiwan for intentional fraudulent transfers and conveyances, constructively fraudulent transfers, receiving preferential transfers, claims for an accounting and turnover, objection to proof of claim, breach of fiduciary duty, abuse of control, corporate waste, unjust enrichment, entitlement to a constructive trust, equitable lien, and injunctive relief. The Trustee brings these claims to redress injuries to Luxul USA caused by Chao and the other defendants. Specifically, the FAC states four state law causes of action against Chao: breach of fiduciary duty, abuse of control, corporate waste, and unjust enrichment. *See* FAC ¶¶ 154–168. Chao wishes to withdraw from the reference to the bankruptcy court all proceedings in the adversary case—or at least withdraw "in part" as to the claims against him—for pre-trial and trial in this Court.

### B. Proceedings in Bankruptcy Court

The bankruptcy court has been actively involved in this adversarial proceeding since its inception. *See* Rec. at 3. As evidenced by the 17-paged bankruptcy court docket submitted in connection with Chao's motion, the bankruptcy court granted the Trustee's motion to amend the complaint (Dkt. 49), issued two orders denying several motions to dismiss (Dkt 108, 123), ruled on discovery issues (Dkt. 105) and service issues (Dkt. 63), entered a protective order (Dkt. 87)

2

and held several status conferences in this matter. *See* ECF 1-2 ("Bankruptcy Docket").

Pursuant to the Bankruptcy Local Rules, the bankruptcy court also entered an order requiring the parties to file motions for a jury trial and stating their position on the bankruptcy court's authority to enter a final order (Dkt. 151). *See* Bankruptcy Docket. Defendants Chao, Luxul Taiwan, James Pan and Jackie Yang have indicated that they do not consent to entry of a final order by the bankruptcy court, and Chao, Pan and Yang also claim a right to a jury trial (156, 161, 162, 163). The remaining defendants Teresa Y. Cheng-Hung and Lyle Bentley have answered the FAC and will be deemed to have consented to the bankruptcy court entering a final order and to no jury trial. *See* Rec. at 3.

Chao filed his motion to withdraw the reference on September 29, 2017, and the matter was assigned to this Court on October 3, 2017. *See* Mot. Thereafter, Defendants Yang and Pan filed joinders to Chao's motion, and appear to request that the claims against each of them be withdrawn on the same grounds as those asserted by Chao. *See* ECF 4, 6. The Trustee opposes Chao's motion, ECF 3, and the bankruptcy court filed a recommendation that the motion to withdraw the reference be denied at this stage to allow the bankruptcy court to handle discovery and pre-trial litigation. *See* Rec. at 5.

## II. LEGAL STANDARD

District courts have original jurisdiction over "all civil proceedings arising under title 11," which is the Bankruptcy Code, as well as over cases "arising in or related to cases under title 11." 28 U.S.C. § 1334(a)–(b). However, the district court's jurisdiction is not exclusive, and each district court may refer such proceedings to a bankruptcy judge. 28 U.S.C. § 157(a); *see also Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). In the Northern District of California, all cases and proceedings arising in or related to a bankruptcy case are automatically referred to the Bankruptcy Court. Bankr. L.R. 5011-1(a).

There are two circumstances under which this automatic reference to the Bankruptcy Court is withdrawn for the case to proceed in district court. First, withdrawal is mandatory "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28

1 U.S.C. § 157(d) (emphasis added). In other words, withdrawal is required "in cases requiring

2 material consideration of non-bankruptcy federal law." *Sec. Farms*, 124 F.3d at 1008. While the

3 Ninth Circuit has not further defined what constitutes "material consideration of non-bankruptcy

4 federal law," other courts have found that mandatory withdrawal is proper only where the question

5 of non-bankruptcy federal law "require[s] the interpretation, as opposed to mere application, of the

6 non-title 11 statute." *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996); *see

7 also In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990) ("[Mandatory withdrawal] is

8 reserved for cases where substantial and material consideration of non-Bankruptcy Code federal

9 statutes is necessary for the resolution of the proceeding."); *In re Tamalpais Bancorp*, 451 B.R. 6,

10 8 (N.D. Cal. 2011) (collecting cases).

11 Second, withdrawal may be permissive. "[T]he district court may withdraw, in whole or in

12 part, any case or proceeding ... on timely motion of any party, for cause shown." 28 U.S.C.

13 § 157(d). "In determining whether cause exists, a district court should consider the efficient use of

14 judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the

15 prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008.

16 For either permissive or mandatory withdrawal, "[t]he burden of persuasion is on the party seeking

17 withdrawal." *In re Tamalpais*, 451 B.R. at 8. Title 28 U.S.C. § 157 classifies matters in

18 bankruptcy cases as either "core proceedings," in which the bankruptcy court "may enter

19 appropriate orders and judgments," or "non-core proceedings," which the bankruptcy court may

20 hear but for which it may only submit proposed findings of fact and conclusions of law to the

21 district court for de novo review. *Security Farms v. Int'l Bhd. of Teamsters,* 124 F.3d 999, 1008

22 (9th Cir.1997) (quoting 28 U.S.C. § 157). "A district court considering whether

23 to withdraw the reference should first evaluate whether the claim is core or non-core, since it is

24 upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pictures Corp.,* 4

25 F.3d 1095, 1101 (2d Cir. 1993).

26 Pursuant to the Bankruptcy Local Rules, motions to withdraw the reference must be filed

27 in the bankruptcy court but should be heard by the district judge assigned to the case. *See* B.L.R.

28

4

1  5011-2(a).  The bankruptcy judge is permitted to file a recommendation as to whether the motion

2  to withdraw should be granted.  *See* B.L.R. 5011-2(b).

### III.  DISCUSSION

The Court first considers whether withdrawal of the reference is mandatory, although Chao largely aims his arguments at the standards for permissive withdrawal.  *See generally* Mot.  With respect to mandatory withdrawal, the Trustee argues that Chao has not satisfied his burden to identify a non-Bankruptcy Code federal statute that necessarily must be considered to resolve this litigation.  *See* Opp'n at 5.  The law is clear that resolution of the litigation must implicate consideration of both title 11 and other federal laws regulating organizations or activities affecting interstate commerce.  28 U.S.C. § 157(d).  The Court finds that Chao has not identified a single non-Bankruptcy Code federal law that must be "substantially and materially" considered in order to trigger mandatory withdrawal of the reference to this Court.  *Sec. Farms*, 124 F.3d at 1008 (holding that withdrawal is required in cases "requiring material consideration of non-bankruptcy federal law."); *In re Tamalpais Bancorp*, 451 B.R. at 8 (N.D. Cal. 2011).

Next, the Court considers Chao's arguments with respect to permissive withdrawal, which is discretionary by definition. 28 U.S.C. § 157(d) ("The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, *for cause shown*.") (emphasis added).  The Court first evaluates whether the claims against Chao are "core" or "non-core," which impacts the bankruptcy court's ability to enter appropriate orders and judgments in this case.  *Sec. Farms,* 124 F.3d at 1008.  "The determination of whether claims are core or non-core is not dispositive of a motion to withdraw a reference, but characterization of the claims as core or non-core is useful before considering the other factors." *Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 223 (D. Haw. 2006).  The bankruptcy court may hear both core and non-core matters, but may not enter a final judgment in a non-core proceeding.  28 U.S.C. § 157(c)(1).  Rather, in non-core proceedings, "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge." *Id.*; *see also Field v. Wells Fargo Bank*, No. CIV. 12-510, 2012 WL 6651886, at *2 (D. Haw. Dec. 20, 2012)

5

In general, a substantive right provided by title 11 is considered a "core" claim, as are those rights that could only arise in a bankruptcy case. *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir.2000). "The existence of core matters weighs in favor of resolution of the adversary proceeding by the bankruptcy court." *In re GTS 900 F, LLC*, No. 2:09-BK-35127-VZ, 2010 WL 4878839, at *4 (C.D. Cal. Nov. 23, 2010). This is because "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." *In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir.1993).

Chao argues that the Trustee's claims against him are non-core, "garden-variety" common law causes of action within the meaning of Title 28, Section 157 of the United States Code. *See* Mot. at 6. Chao argues that the state law causes of action asserted against him (breach of fiduciary duty, abuse of control, corporate waste, and unjust enrichment) all could have been brought against him in state court in the absence of a bankruptcy proceeding. *Id.* (citing *In re Eastport Assocs.*, 935 F.2d 1071, 1077 (9th Cir. 1991)). Because the claims arise solely under state law, Chao urges the Court to find them "non-core" under Section 157.

The Trustee does not seriously contest that the claims against Chao are non-core. *See* Opp'n at 7. Rather, the Trustee refers only to claims to avoid and recover preferential and fraudulent transfers as core matters. *Id*. However, the Trustee does not explain the relationship between the fraudulent conveyance claims—which are not alleged against Chao in the FAC—and the state law causes of action alleged against Chao. In his reply, Chao points out that the Trustee actually conceded that his claims against Chao, Yang and Pan, are all non-core within the meaning of Section 157. *See* Reply at 2 (citing Trustee's Combined Response to Motion for a Jury Trial, Adv. Proceeding No. 16-05079, Bankr. Dkt. No. 173, at 2).

Based on the record before the Court, the claims at issue against Chao appear to be non-core, as they do not invoke "a substantive right provided by Title 11" or constitute "a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Gruntz,* 202 F.3d 1074, 1081 (9th Cir. 2000). Accordingly, this factor does not weigh in favor of the bankruptcy court retaining the proceeding. However, bankruptcy judges may still propose findings of fact and

conclusions of law to federal district courts as to non-core proceedings related to a case under title 11. *Id*. Even if the claims against Chao are non-core, judicial efficiency still may be served by denying withdrawal of the reference in light of the circumstances of this case. The Court must also consider the additional factors for permissive withdrawal. *Sec. Farms*, 124 F.3d at 1008.

Chao goes on to argue that the adversarial proceeding against him should be withdrawn because he has a right to a jury trial, as the Trustee seeks only money damages against him. *See* Mot. at 6. Because he timely demanded a jury trial in the bankruptcy court and declined to consent to entry of any final order or judgment by the bankruptcy court, Chao believes he has a right to a jury trial in this Court. *Id*. at 7. If Chao is correct that he has the right to a jury trial on the claims against him and the bankruptcy court lacks authority to enter a final order, the bankruptcy court agrees that this Court should ultimately hold the jury trial. *See* Rec. at 5 ("Assuming for the sake of argument that a bankruptcy court lacks authority to enter a final order *and* a party is entitled to a jury trial, the matter should be tried in an Article III court.") (citing *Granjinanciera, S.A. v. Norberg,* 492 U.S. 33 (1989)).

Even if this Court ultimately holds a jury trial, Chao's request to withdraw the reference at this point is premature. There is work to be done to get this case ready for a potential trial, and the bankruptcy court retains jurisdiction and the ability to handle those proceedings. For example, the Bankruptcy Local Rules in this District specifically provide that a party's entitlement to a jury is decided by the bankruptcy judge. B.L.R. 9015-2(a). Pursuant to that Rule, the bankruptcy judge must determine whether the demand is timely and whether the demanding party has a right to a jury trial. *Id*. If the parties do not consent to a jury trial in the bankruptcy court, then the Local Rules provide a procedure whereby the bankruptcy court, "after having resolved all pre-trial matters, including dispositive motions," transfers the case to the District Court for trial. B.L.R. 9015-2(b). Thus, even if Chao is ultimately correct that he has the right to a jury trial and he does not consent to a final order by the bankruptcy court, it is still proper for the proceeding to stay in the bankruptcy court for discovery, pre-trial litigation, and pre-trial dispositive motions.

Chao cites to no case indicating that the district court must immediately assume jurisdiction whenever a party timely requests a jury trial. Indeed he could not, because in the

7

Ninth Circuit, "bankruptcy courts are not divested of pre-trial jurisdiction over matters which they ultimately may be unable to decide." *See In re Cedar Funding, Inc.*, 419 B.R. 807, 819 (B.A.P. 9th Cir. 2009) (citing *Sigma Micro Corp. v. Healthcentral.com*, 504 F.3d 775, 787 (9th Cir.2007)). The Ninth Circuit has made it clear that "requiring that an action be immediately transferred to district court simply because of a *jury trial right* would run counter to our bankruptcy system." *In re Healthcentral.com*, 504 F.3d at 787. Moreover, "[o]nly by allowing the bankruptcy court to retain jurisdiction over the action until *trial is actually ready* do we ensure that our bankruptcy system is carried out." *Id*. at 788. Thus, the bankruptcy court still retains jurisdiction over the adversarial proceeding for pre-trial matters, and Chao does not meet his burden to demonstrate that the permissive withdrawal factors weigh in his favor due to any jury trial right.

This brings the Court to its determination of the efficient use of judicial resources. *See Sec. Farms*, 124 F.3d at 1008. The Court may "consider that judicial efficiency is best served by allowing necessary pretrial issues, some of which may obviate the need for a jury trial altogether, to proceed in bankruptcy court." *In re Gorilla Cos., LLC,* 2009 WL 3241759, at *4 (D. Ariz. Oct. 2, 2009) (citing *In re Orion Pictures Corp.,* 4 F.3d at 1101–02). The bankruptcy court's knowledge of bankruptcy law and familiarity with the underlying facts of the action weigh in favor of keeping pre-trial matters with the bankruptcy judge. *See, e.g.*, *In re Heller Ehrman LLP*, 464 B.R. 348, 359 (N.D. Cal. 2011). In light of the bankruptcy record before the Court, it is evident that withdrawal of the reference with respect to Chao at this point in the case "would result in this court losing the benefit of the bankruptcy court's experience in both the law and facts, resulting in an inefficient allocation of judicial resources." *Id*. (quoting *In re The Mortg. Store, Inc.*, 464 B.R. 421, 429 (D. Haw. 2011)).

In support of his argument that immediate withdrawal of the reference would be judicially efficient, Chao points to a related case that was presided over by a different judge in this District. *See* Mot. at 8 (citing *Luxul Technology, Inc. et al. v. NectarLux LLC, et al.,* Case No. 14-cv-03656-LHK (N.D. Cal.)). There is no reason why the undersigned, as opposed to the bankruptcy court, would be more equipped to handle pre-trial matters in this adversarial proceeding in light of previous litigation involving Luxul USA before a different District Judge. This Court does not

8

have any "familiarity with at least some of the parties, counsel, and underlying events," as Chao claims, nor is this case sufficiently related to the prior litigation involving different parties. *See* Mot. at 8-9. Chao's judicial efficiency arguments simply do not support immediate withdrawal of the reference.

The Court also notes that its impacted caseload would require the pre-trial schedule in this case to be significantly delayed if the reference was immediately withdrawn in order to resolve discovery disputes and dispositive motions. This further delay and cost to the parties would be avoided if the case remains in the bankruptcy court prior to trial. The bankruptcy court has the knowledge, ability and resources to accommodate a more efficient pre-trial schedule. With respect to timing, the Trustee indicates that discovery has already been substantially completed and the case could be ready for trial in a short period of time once the bankruptcy court resolves various important pre-trial motions in the adversary proceeding, including: (1) a motion for leave to file amended complaint; (2) six motions to dismiss; (3) motion for leave to serve abroad; (4) motion to disqualify counsel; (5) motion to quash subpoenas; (6) motion to turnover property; and (7) two motions to compel document production. *See* Opp'n at 9-10.

Chao describes the Trustee's optimism about the case schedule as "misleading and unrealistic." *See* Reply at 3. This argument further underscores the Court's decision not to withdraw the reference at this stage. Chao describes the case as being in its "initial stages" and explains that a great deal must be decided before "any claim is anywhere close to being trial ready." *See* Reply at 3. This weighs heavily against withdrawing the reference immediately. The bankruptcy court's recommendation demonstrates its willingness to oversee discovery and pre-trial matters, even if it determines that Chao is entitled to a jury trial and the case is ultimately transferred to this Court for trial. *See* Rec. at 5-6. Moreover, even if the bankruptcy court is required to issue proposed findings and conclusions as to dispositive matters for this Court to review, withdrawal of the reference at this point in the proceedings is not warranted.

The remaining factors of uniformity of bankruptcy administration and the prevention of forum shopping do not weigh in favor of finding cause to withdraw the reference. *Sec. Farms*, 124 F.3d at 1008. Although Chao's claims are not core claims, none of the remaining factors to be

considered weigh in favor of withdrawal of the reference. *See, e.g.*, *In re Vaccaro*, No. BR 13-05145 ASW, 2014 WL 806378, at *2 (N.D. Cal. Feb. 27, 2014). Therefore, Chao has not satisfied his burden of demonstrating cause for permissive withdrawal, particularly because immediate withdrawal of the reference would not be an efficient use of judicial resources. The Court therefore declines to exercise its discretion to withdraw the reference at this stage.

**IV.  ORDER**

For the foregoing reasons, Chao's motion to withdraw the reference is DENIED. Because Defendants Yang and Pan join in Chao's motion for the same reasons articulated by Chao, the motion to withdraw the reference is also DENIED as to those Defendants.

The Court recognizes the possibility that the bankruptcy court lacks the authority to enter a final order, and that the parties who have timely moved may have a right to a jury trial. Therefore, the Court ADOPTS the bankruptcy court's recommendation that this case proceeds as follows:

1. The bankruptcy court shall determine the parties' right to a jury trial.
2. The bankruptcy court shall oversee discovery, pre-trial litigation, and pre-trial dispositive motions.
3. If the parties are not entitled to a jury trial, the bankruptcy court shall hold a trial and make proposed findings of fact and conclusions of law, which are subject to review by this Court.
4. If the parties are entitled to a jury trial, the bankruptcy court shall retain the case up to the point of trial and then transfer it to this Court for trial. In such a case, the bankruptcy court would deal with discovery, pre-trial litigation, and pre-trial dispositive motions. The bankruptcy court would inform the Court when the case is ready for a jury trial.

*See* Rec. at 5.

**IT IS SO ORDERED.**

Dated: January 25, 2018

_____
BETH LABSON FREEMAN
United States District Judge

10